## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| KRYSTINA R. FITZGERALD, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>VERDE ENERGY USA, INC., and JOHN DOES 1-10<br><br>    Defendant. | Case No. 4:24-cv-05131 |

## CLASS ACTION COMPLAINT

NOW COMES KRYSTINA R. FITZGERALD ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through her undersigned counsel, complaining of VERDE ENERGY USA, INC. ("Defendant"), and JOHN DOES 1-10 as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, the Pennsylvania Fair Credit Extension Uniformity Act ("PFCEUA") pursuant to 73 P.S. 2270.1 *et seq*., and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("PUTPCPL") pursuant to 73 P.S. 201-1.

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. As the Supreme Court observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

5. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

7. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Forest City, Pennsylvania.

8. Defendant, an energy supply company, purchases gas and electric energy on the wholesale market and resells it to consumers to power their homes, charging them monthly for its services.

9. Defendant maintains its principal place of business at 12140 Wickchester Lane, Ste. 100, Houston, Texas.

10. JOHN DOES 1-10 are third party vendors/agents that Defendant engages to collect defaulted vehicle loans issued and/or serviced by Defendant.

11. In the collection calls placed by JOHN DOES 1-10, JOHN DOES 1-10 falsely identify themselves as "Verde Energy."

12. The identities of JOHN DOES 1-10 are unknown to Plaintiff at this time and will be ascertained through discovery.

13. Upon information and belief, Defendant has an agency relationship with JOHN DOES 1-10 whereby Defendant (as the principal) had the right to control and direct the activities of JOHN DOES 1-10 (as the agent) and JOHN DOES 1-10 had the authority to act on behalf of Defendant. Accordingly, Defendant, as the principal of JOHN DOES 1-10, is vicariously liable for the acts of JOHN DOES 1-10.

## FACTUAL ALLEGATIONS

14. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 7465.

15. At all times relevant, Plaintiff's number ending in 7465 was assigned to a cellular telephone service.

16. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

17. Prior to the events giving rise to this action, Plaintiff entered a contract with Defendant for energy services to power her home.

18. Subsequently thereafter, Plaintiff cancelled her services with Defendant and switched to a new energy supplier.

19. In late 2023, Defendant started placing voluminous collections calls to Plaintiff's cellular phone.

20. Upon answering Defendant's call, Plaintiff was informed that Defendant was attempting to collect an early termination of approximately $100 ("subject debt") purportedly owed by Plaintiff.

21. In response, Plaintiff informed Defendant that she could not afford to pay due to financial and hardship and further instructed Defendant to cease all calls to her cellular phone.

22. Despite Plaintiff's request that its cease, Defendant continued placing calls to Plaintiff's cellular phone.

23. In the calls that Plaintiff did not answer, Defendant left prerecorded voicemails ("robocalls") on Plaintiff's cellular phone.

24. It was clear to Plaintiff that Defendant's voicemails utilized an artificial and/or prerecorded voice because (1) all voicemails contained the identical message; (2) all voicemails were precisely the same duration; (3) the voicemails were all monotone and were conspicuously not left by a live representative; (4) none of the voicemails identified Plaintiff by name; (5) the voicemail repeated each time; (6) all voicemails referred Plaintiff to the same toll-free number; and (7) none of the voicemails identified the individual that was calling by name.

25. Plaintiff, fed up with the invasive robocalls, answered one of Defendant's calls and requested that Defendant cease its collection calls.

26. Despite Plaintiff's request that the robocalls cease, Defendant continued placing robocalls to Plaintiff's cellular phone.

27. In total, Defendant placed no less than forty-eight (48) robocalls calls to Plaintiff's cellular phone after Plaintiff initially requested that the calls cease.

28. Defendant's invasive collection calls invaded Plaintiff's privacy and caused Plaintiff damages, including: aggravation that accompanies unwanted phone calls, increased risk of personal injury resulting from the distraction caused by the phone calls, nuisance, annoyance, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

29. Moreover, each time Defendant placed a phone call to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

30. Due to Defendant's refusal to honor Plaintiff's requests that the calls cease, Plaintiff was forced to retain counsel to compel Defendant to cease its abusive collection practices.

## CLASS ALLEGATIONS

31. All previous paragraphs are expressly adopted and incorporated herein as though fully set forth herein.

32. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All individuals in the United States (1) to whom Defendant or a third party acting on Defendant's behalf, placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) without the individual's consent; (5) within the four years preceding the date of this complaint through the date of class certification.

33. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

### A. Numerosity

34. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

35. The exact number of the members of the Putative Class is unknown to Plaintiff at this time and can only be determined through targeted discovery.

36. The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

37. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

B. **Commonality and Predominance**

38. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

39. Those questions predominate over any questions that may affect individual members of the Putative Class.

C. **Typicality**

40. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

D. **Superiority and Manageability**

41. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

42. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

43. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

44. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.     Adequate Representation**

45.     Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

46.     Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

47.     Plaintiff has retained competent and experienced counsel in consumer class action litigation.

**CLAIMS FOR RELIEF**

**COUNT I:**
**Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**
**(On behalf of Plaintiff and the Members of the Putative Class)**

48.     All previous Paragraph of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

49.     Plaintiff is a "person" as defined by 47 U.S.C. § 153(39) because she is an individual.

50.     Defendant is a "person" as defined by 47 U.S.C. § 153(39) because it is a corporation.

51.     Defendant violated § 227 (b)(1)(A)(iii) of the TCPA by placing no less than twenty (20) non-emergency calls to Plaintiff's cellular phone utilizing an artificial or prerecorded voice without Plaintiff's consent.

52.     As pled above, Defendant utilized a prerecorded voice that automatically played upon the call reaching Plaintiff's voicemail.

53.     Defendant did not have consent to place calls to Plaintiff's cellular phone after Plaintiff requested that the collection calls cease.

54. Upon information and belief, Defendant does not maintain adequate policies and procedures to ensure compliance with the TCPA.

55. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA yet continued to employ them to maximize efficiency and profits at the expense of Plaintiff and the Putative Class.

56. As pled above, Plaintiff was harmed by Defendant's unlawful collection calls.

**WHEREFORE**, Plaintiff on behalf of herself and the members of the Putative Class, requests the following relief:

A. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B. a judgment in Plaintiff's favor finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

C. an order enjoining Defendant from placing further unlawful calls to Plaintiff and the members of the Putative Class;

D. an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

E. an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation; and

F. any further relief this Court deems just and proper.

## COUNT II

### Violations of the Pennsylvania Fair Credit Extension Uniformity Act
### (Plaintiff Individually)

57. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

58. Plaintiff is a "consumer" as defined by 73 P.S. § 2270.3.

59. Defendant is a "creditor" as defined by 73 P.S. § 2270.3.

60. The subject debt is a "debt" as defined by PA ST 73 P.S. § 2270.3 as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    a.    **Violations of PFCEUA § 2270.4(b)(4)**

33. The PFCEUA, pursuant to 73 P.S. § 2270.4(b)(4), broadly prohibits a creditor from "engag[ing] in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt." Without limiting the generally applicable nature of that prohibition, the PFCEUA, pursuant to 73 P.S. § 2270.4(b)(4)(v), further prohibits a creditor from "[c]ausing a telephone to ring or engaging any person in telephone conversations repeatedly or continuously with intent to annoy, abuse or harass any person at the called number."

34. Defendant violated the PFCEUA when it continued to call Plaintiff's cellular phone numerous times after she notified it to stop calling her. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately submit a payment. Rather than understanding Plaintiff's situation and abiding by her wishes, Defendant continued in their harassing campaign of phone calls in hopes of extracting payment. Defendant's efforts to continue contacting Plaintiff in the manner it did underscores Defendant's intent to harass Plaintiff through the repeated phone calls.

35. Upon being told to stop calling, Defendant had ample reason to be aware that it should not continue its harassing calling campaign. Yet, Defendant consciously chose to continue placing systematic calls to Plaintiff's cellular phone knowing that its conduct was unwelcome.

**b.  Violations of PFCEUA § 2270.4(b)(5)**

36. The PFCEUA, pursuant 73 P.S. § 2270.4(b)(5), broadly prohibits a creditor from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Without limiting the generally applicable nature of that prohibition, the PFCEUA, pursuant to 73 P.S. § 2270.4(b)(5)(x), further prohibits creditors from "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

37. Defendant violated the PFCEUA when it continued to call Plaintiff's cellular phone numerous times after she notified it to stop calling. Defendant's conduct deceptively and misleadingly represented to Plaintiff the extent of Defendant's lawful ability to place the collection phone calls it was placing.

76. Further, it was unfair and deceptive for Defendant's third-party vendors (John Does 1-10) to repeatedly call Plaintiff and fail to disclose their true identities.

**c.  Violations of PFCEUA § 2270.4(b)(6)**

61. The PFCEUA, pursuant 73 P.S. § 2270.4(b)(6) prohibits a creditor from using "unfair or unconscionable means to collect or attempt to collect any debt."

62. Defendant violated the PFCEUA through its unfair and unconscionable placing of phone calls to Plaintiff. Despite Plaintiff's repeated demands that the phone calls cease, Defendant unfairly and unconscionably continued to contact Plaintiff, unfairly leaving Plaintiff with limited options to go about addressing Defendant's harassing calls. Defendant similarly continued to

contact Plaintiff unfairly despite having knowledge that Plaintiff was represented by counsel in connection with the subject consumer debt.

**WHEREFORE,** Plaintiff requests the following relief:

A. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulation

B. an order enjoining Defendant from placing further violating calls to Plaintiff;

C. an award actual damages pursuant to 73 P.S. § 2270.5(a) and 73 P.S. § 201-9.2(a);

D. an award of treble damages pursuant to 73 P.S. § 2270.5(a) and 73 P.S. § 201-9.2(a);

E. an award of reasonable attorney's fees and costs; and

## COUNT III

### Violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law
### (Plaintiff Individually)

77. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

78. Plaintiff is a "person" as defined by 73 P.S. § 201-2(2).

79. Defendant's conduct in connection with the subject debt constitutes "trade" and "commerce" as defined by 73 P.S. § 201-2(3).

80. The PUTPCPL, pursuant to 73 P.S. 201-2(4), broadly prohibits unfair and deceptive conduct against consumers engaging in trade and commerce.

81. The PFCEUA, pursuant to 73 P.S. § 2270.5(b), provides that any violation of the PFCEUA constitutes an unfair or deceptive act in violation of the PUTPCPL.

82. By virtue of Defendant's violations of the PFCEUA, Defendant similarly violated the PUTPCPL, thereby entitling Plaintiff to further relief.

**WHEREFORE,** Plaintiff requests the following relief:

A. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulation

B. an order enjoining Defendant from placing further violating calls to Plaintiff;

C. an award actual damages pursuant to 73 P.S. § 2270.5(a) and 73 P.S. § 201-9.2(a);

D. an award of treble damages pursuant to 73 P.S. § 2270.5(a) and 73 P.S. § 201-9.2(a);

E. an award of reasonable attorney's fees and costs; and

F. any further relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: December 31, 2024          Respectfully submitted,

**KRYSTINA R. FITZGERALD**

By: /s/ *Mohammed O. Badwan*

Mohammed O. Badwan
Sulaiman Law Group, Ltd.
2500 S. Highland Ave, Suite 200
Lombard, IL 60148
(630) 575-8180
mbadwan@sulaimanlaw.com
*Counsel for Plaintiff*